UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>AJMEL A. QURESHI<br>UNITED STATES MAGISTRATE JUDGE | U.S. COURTHOUSE<br>6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770<br>(301) 344-0393 |

July 15, 2026

LETTER TO COUNSEL

RE: *Gregory V. v. Leland Dudek, Commissioner, Social Security Administration*
Civil No. AAQ-25-1520

Dear Counsel:

On May 12, 2025, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for disability insurance benefits under Title II of the Social Security Act and supplemental security income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will remand this case for further proceedings because the ALJ's inadequate analysis in assessing Plaintiff's residual functional capacity ("RFC") frustrates meaningful review.

## I.      The History of this Case

Plaintiff filed his claim for financial assistance on June 26, 2020, and alleged a disability onset date of October 8, 2017. ECF No. 8-6, at 8; ECF No. 8-3, at 11. The Social Security Administration denied Plaintiff's claim initially and on reconsideration. ECF No. 8-4, at 68. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 15, 2022. *Id*. After that hearing, the ALJ determined Plaintiff did not have a disability as defined by the Social Security Act during the relevant time frame. *Id*. at 79. After the Appeals Council vacated the ALJ's first decision, *id.* at 87, the ALJ held a second hearing on Plaintiff's claim. ECF No. 8-3, at 11. At the second hearing, the ALJ again denied Plaintiff's request for assistance. *Id.* at 23. Since the Appeals Council denied Plaintiff's request for review, *id.* at 2, the ALJ's second decision reflects the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "lumbar and cervical degenerative disc disease, chronic pain syndrome, depressive disorder, panic disorder, anxiety disorder, and obsessive-compulsive and related disorder[.]" ECF No. 8-3, at 14. When considering whether these severe impairments met or equaled the severity of one of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1 ("Paragraph B" limitations), the ALJ found Plaintiff had moderate restrictions in four areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persistence, or maintaining

*Gregory V. v. Leland Dudek, Commissioner, Social Security Administration*
Civil No. AAQ-25-01520
July 15, 2026
Page 2

pace; and (4) adapting or managing oneself.  ECF No. 8-3, at 14-15.  Despite these impairments, the ALJ determined that Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is occasionally able to climb ramps or stairs; occasionally able to climb ladders, ropes or scaffolds; frequently able to balance; and occasionally able to stoop, kneel, crouch or crawl.  He needs to avoid concentrated exposure to vibration and avoid work at unprotected heights.  He is able to understand and carry out simple instructions and routine, repetitive tasks.  He is able to use common sense understanding to carry out detailed, but uninvolved, instructions.  He needs to avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others).  He is able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task.  However, time off task can be accommodated with normal breaks.  He is occasionally able to change activities or work settings during the workday without being disruptive.  He is occasionally able to deal with changes in a routine work setting.  He is able to have frequent interaction with supervisors, co-workers and/or the general public.

*Id.* at 16.  The ALJ determined that Plaintiff did not have a disability because he could perform jobs that existed in significant numbers in the national economy, such as a cashier, ticket taker or folder.  *Id.* at 23.  The ALJ made this determination in part based on the testimony of a vocational expert ("VE").  *Id*.  As a result, the ALJ denied Plaintiff's claim for disability benefits.  *Id*.

## II.    Plaintiff's Arguments on Appeal

On appeal, Plaintiff argues the ALJ: (1) erroneously assessed Plaintiff's RFC; and (2) erroneously evaluated Plaintiff's subjective complaints.  ECF No. 11, at 3-29.

Plaintiff's first argument is that the ALJ erroneously assessed his RFC.  *Id.* at 3. Specifically, Plaintiff contends that the ALJ failed to perform a proper function-by-function assessment of Plaintiff's abilities by: (1) failing to provide a narrative discussion explaining how the evidence supported each conclusion; (2) failing to evaluate all of the pertinent evidence; (3) failing to provide adequate explanation of his determination that Plaintiff would be capable of maintaining concentration, attention, and pace for more than 85 percent of the workday; (4) failing to address Plaintiff's abilities, or lack thereof, to perform work related activities for eight hours per day, five days per week; and (5) failing to apply the proper standard in evaluating the opinions of one of the experts.  ECF No. 11, at 3-19.

*Gregory V. v. Leland Dudek, Commissioner, Social Security Administration*
Civil No. AAQ-25-01520
July 15, 2026
Page 3

When determining a claimant's RFC, an ALJ must conduct a function-by-function assessment of the claimant's ability to do work-related activities.  Social Security Ruling 96-8p. A proper function-by-function assessment of a claimant's abilities includes a "narrative discussion describing how the evidence supports each conclusion…" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting Social Security Ruling 96-8p).  The assessment must have three components: (1) evidence; (2) a logical explanation; and (3) a conclusion.  *Id.*  Where an ALJ's decision has "applied correct legal standards" and where the factual findings are "supported by substantial evidence," the ALJ's determination should be affirmed.  *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012).

Applying these standards, I begin with Plaintiff's claim that the ALJ's RFC assessment was in error because the ALJ failed to explain his determination that Plaintiff would be capable of maintaining concentration, attention, and pace for more than 85 percent of the workday.

## A.    Applicable Law

The Fourth Circuit has rejected a per se rule requiring remand in the absence of an explicit function-by-function assessment, instead holding that "remand may be appropriate 'where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)) (per curiam).  Where the court is "left to guess about how the ALJ arrived at his conclusions on [claimant's] ability to perform relevant functions . . . remand is necessary." *Id.* at 637.

In *Mascio*, the Fourth Circuit went on to hold that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)).  The court distinguished between the ability to perform simple tasks and the ability to stay on task, explaining that only accommodations for the latter would account for moderate difficulty in concentration, persistence, or pace.  *Id.*  Where a claimant has a moderate difficulty in concentration, persistence, or pace, the ALJ must "either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600 (D. Md. 2016).

In interpreting *Mascio*, this Court has repeatedly found that non-exertional limitations to "simple, routine tasks" and "no assembly line work" are inadequate to accommodate a claimant's limitation in concentration, persistence, or pace, unless supported by an explanation.  *Ansah v. Saul*, No. 1:19-cv-02503-JMC, 2021 WL 962702, at *3 (D. Md. Mar. 12, 2021); *Sheri S. v. Saul*, No. 1:19-cv-01924-GLS, 2020 WL 4579871, at *2-5 (D. Md. Aug. 7, 2020); *Antwan S. v. Saul*, No. TMD 18-2891, 2020 WL 869245, at *5 (D. Md. Feb. 21, 2020).

3

*Gregory V. v. Leland Dudek, Commissioner, Social Security Administration*
Civil No. AAQ-25-01520
July 15, 2026
Page 4

In *Ansah*, the ALJ assessed the claimant's "Paragraph B" factors and found, like Plaintiff, he had moderate limitations in concentration, persistence, or maintaining pace. *Ansah*, 2021 WL 962702, at *2. Considering this limitation in concert with the claimant's other impairments, the ALJ found that "the claimant is limited to simple, routine, and repetitive tasks in a low-stress work environment, defined as no strict production quotas" and "can occasionally interact with the public, coworkers, and supervisors." *Id*. at *2. In reviewing the ALJ's decision, this Court found the ALJ failed to provide adequate explanation for how these non-exertional limitations accounted for claimant's moderate limitations. *Id.* at *4; *see also Antwan S.*, 2020 WL 869245, at *5 (holding that the ALJ's hypothetical to the VE and corresponding RFC assessment failed to account for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace).

Along these lines, this Court has likewise found that where an ALJ receives testimony from a VE regarding the percentage of the day that a plaintiff must remain on task to find employment, the ALJ must account for how the plaintiff will be able to do so, given their limitations in concentration, persistence, or pace. For example, in *Sheri S. v. Saul*, the VE opined that "if an individual is consistently off-task for approximately 15 percent or more of an eight-hour shift, it would preclude ability to maintain a job." 2020 WL 4579871, at *6. This Court found that a limitation to "simple, routine, repetitive tasks but not at a production-rate pace (e.g., no assembly line work)" was inadequate to accommodate the plaintiff's moderate limitations in concentration, persistence or pace, *id.*, at *2-6, because the ALJ failed to explain how, given Plaintiff's limitations, she would be able to stay on task for 85 percent of the workday. *Id.* at *6; *see also Ansah*, 2021 WL 962702, at *5 (faulting the ALJ's failure to explain how a claimant with moderate limitations in concentration, persistence, or pace could remain productive for 85 percent of the day, as the VE stated was necessary); *Antwan S.*, 2020 WL 869245, at *6 (ordering remand because the ALJ "fail[ed] to explain how, despite [claimant's] moderate limitation in concentrating, persisting, or maintaining pace, he could be productive at least 90 percent of the time in an eight-hour workday").

### B.      Discussion

The facts of this case are analogous to the cases cited above. Here, the ALJ made a RFC determination which includes multiple non-exertional limits designed to accommodate for Plaintiff's "Paragraph B" limitations. Yet, the ALJ's opinion lacks narrative discussion and, in light of the VE's testimony and Plaintiff's limitations in concentration, persistence or pace, fails to explain how the Plaintiff would remain sufficiently on task. The VE testified that a person could not maintain employment if they were "off-task" fifteen percent of the time. ECF No. 8-3, at 91-92. Accordingly, under the applicable precedents discussed, the ALJ had to explain how someone with Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace could be productive or remain on task for more than 85 percent of an eight-hour workday.

The Commissioner responds that the ALJ supported the RFC with sufficient evidence in the record, including specific consideration of Plaintiff's allegation that he had difficulty

*Gregory V. v. Leland Dudek, Commissioner, Social Security Administration*
Civil No. AAQ-25-01520
July 15, 2026
Page 5

concentrating. ECF No. 13, at 14-15. Namely, the Commissioner notes that the ALJ's RFC analysis included discussion of two separate medical records. *Id.* However, the discussion that the Commissioner cites is of limited value to the relevant question. In the first record, the ALJ noted that even though Plaintiff was recommended for a psychiatric evaluation in May 2020, in August of that same year, he remained on the same medication. ECF No. 13, at 15 (citing ECF No. 8-3, at 18). Regarding the second record, the ALJ noted that there is no evidence that Plaintiff followed through on the recommendation therein for further evaluation of his behavioral health. *Id.* Neither record specifically discusses Plaintiff's ability to remain on task or even maintain concentration.

The problem is exacerbated by the fact that the ALJ made no attempt to connect this evidence to his conclusion that the Plaintiff could remain on task for more than 85 percent of the day. First, the ALJ does not, at any point, mention the VE's testimony regarding percentage of time that the plaintiff must remain on task. This stymies review, as the Court is unable to determine how the ALJ weighed the VE's evidence in making his final determination regarding whether work was available. *See Thomas*, 916 F.3d at 313 (holding, in light of conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT), the ALJ must recognize and resolve ways in which the VE's testimony conflicts with other parts of the record); *Sheri S.*, 2020 WL 4579871, at *6 (remanding where the "ALJ's narrative does not discuss how the ALJ weighed the VE's testimony and which facts logically support the percentage of time Plaintiff could stay on task").

Second, even though the evidence the ALJ cited in support of its conclusion that Plaintiff will be able to remain on task is inconsistent, the ALJ failed to acknowledge, let alone resolve, those inconsistencies. *See Sheri S.*, 2020 WL 4579871, at *6 (where the ALJ does not "reconcile seemingly inconsistent findings," the court "cannot determine whether Plaintiff's moderate mental functional limitations are consistent with her ability to stay on task"). In discussing his ability to stay on task, the ALJ wrote that Plaintiff "reported that he was able to pay bills, count change, handle a savings account, and use a checkbook, which are tasks that generally require the ability to understand, remember, and apply information." ECF No. 8-3, at 14. Yet, in the next line, the ALJ also notes that Plaintiff reported that he did not "follow written instructions well because he had to read them over and over and often forgot what he read." *Id*. Similarly, although the ALJ notes that Plaintiff twice scored 28/30 on the mini mental state examination, *id.*, the state agency psychiatry consultant, whose opinions the ALJ found persuasive, *id.* at 21, noted that Plaintiff "may also have trouble focusing on task for long periods" and that he "may fatigue with sustained focus and may need breaks in a workday." ECF No. 8-4, at 53. While it is not within the scope of this review to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment," *Craig*, 76 F.3d at 589, this narrative description of the ALJ's findings fails to build a "logical bridge" from his finding of his difficulties to his assessment that he can work an eight-hour day. *Ansah*, 2021 WL 962702, at *5; *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (remand is appropriate where the ALJ fails to explain how he concluded that Woods could actually perform the tasks required). As a result, the Court is left to guess as to how the ALJ

*Gregory V. v. Leland Dudek, Commissioner, Social Security Administration*
Civil No. AAQ-25-01520
July 15, 2026
Page 6

arrived at his conclusions given conflicting evidence. *See Mascio*, 780 F.3d at 637 ("Because we are left to guess about how the ALJ arrived at his conclusions on Mascio's ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended, remand is necessary.").

While an ALJ is not required to believe all evidence presented to him, a proper RFC assessment contains evidence, a logical explanation, and a conclusion.  *Thomas*, 916 F.3d at 311. Here, the ALJ provided inadequate logical explanation to justify his conclusion that Plaintiff can remain on task for more than 85 percent of the time as required to maintain employment.  Such an error cannot be classified as harmless "because the ALJ's written decision is insufficient to permit adequate review."  *Lawson v. Berryhill*, No. TJS-17-0486, 2018 WL 1135641, at *5 (D. Md. Mar. 1, 2018); *see Ansah*, 2021 WL 962702 at *5 (remand warranted because there was inadequate discussion justifying the ALJ's conclusion that the claimant could remain productive for the duration of a workday), *Sheri S.*, 2020 WL 4579871, at *6 (remand necessary because it is unclear how the RFC and ultimate disability finding incorporated Plaintiff's moderate difficulties), and *Antwan*, 2020 WL 869245, at *6 (holding that an ALJ's failure to "both identify evidence that supports [her] conclusion and 'build an accurate and logical bridge from [that] evidence to [her] conclusion' constitutes reversible error").  As the VE explained, if Plaintiff had to take any more than the standard three breaks in a day, "that becomes a problem and they will not sustain competitive employment."[1]  ECF No. 8-3, at 92-93.

As this case is being remanded on other grounds, the Court need not address Plaintiff's arguments regarding the ALJ's erroneous evaluation of Plaintiff's subjective complaints.  ECF No. 11, at 19-29.  On remand, the ALJ can consider all of Plaintiff's arguments and make any required adjustments to the opinion.

### III.    Conclusion

---

[1] The Commissioner's response to this argument is largely relegated to a footnote.  ECF No. 13, at 14 n. 4.  Therein, he argues that Plaintiff fails to identify any evidence supporting a greater time-off limitation, relying primarily on two cases.  *Id.* (citing *Martin v. Colvin*, No. TMD 15-82, 2016 WL 930976, at *8 (D. Md. Mar. 10, 2016) and *Jordan v. Soc. Sec. Admin.*, No. 17-cv-03032-JMC, 2018 WL 4354196, at *3 (D. Md. Sept. 12, 2018)).  However, this Court has stepped away from the analysis in *Martin*.  *See Michelle A. v. Dudek*, No. 24-0008-CDA, 2025 WL 948446, at *4 n. 4 (D. Md. Mar. 28, 2025) (rejecting the Commissioner's argument, based on *Martin*, that Plaintiff did not identify any evidence that a greater time off restriction was needed: "The case to which *Martin* cited does not apply the standard in the context of a time off-task limitation.").  Additionally, this case is distinguishable from *Jordan* in which, the ALJ "explained that plaintiff experienced pain for 10% of the workday and properly supported that conclusion. [] Here, while some of the evidence described by the ALJ details Plaintiff's limitations with respect to concentration, the ALJ provides no 'logical bridge'[.]"  *Derick G. v. O'Malley*, No. 22-3239-CDA, 2024 WL 626197, at *5 (D. Md. Feb. 14, 2024) (citing *Jordan*, 2018 WL 4354196, at *3).

*Gregory V. v. Leland Dudek, Commissioner, Social Security Administration*
Civil No. AAQ-25-01520
July 15, 2026
Page 7

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 13, is DENIED.  Pursuant to sentence four of 42 U.S.C. §405(g), the SSA's judgment is VACATED.  This case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly.  An implementing Order follows.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge

7